IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHNATHAN PINNEY, ADC #173141**                                                                    **PETITIONER**

V.                                                    **4:19-CV-679-BRW**

**DEXTER PAYNE, Director,**
**Arkansas Department of Correction**                                                                **RESPONDENT**

**ORDER**

For the reasons set out below, Petitioner's Motion to Reopen Case (Doc. No. 43) is DENIED, and this case is DISMISSED.

On September 27, 2019, Petitioner filed a *pro se* petition for writ of habeas corpus. Respondent requested dismissal because Petitioner failed to exhaust his state-court remedies. Rather than dismiss the petition, the Court stayed the case so Petitioner could exhaust his administrative remedies. Petitioner has now filed a motion to reopen and attached an order from the Arkansas Court of Appeals. In the October 7, 2020 Order, that court reversed Petitioner's conviction and remanded the case for a new trial after finding that "the circuit court clearly erred in finding that Pinney waived his right to counsel during the pretrial hearings . . . ."[1]

In his § 2254 petition, Petitioner requested that "this court reverse his conviction."[2] The Arkansas Court of Appeals did just that. Accordingly, the § 2254 petition is moot.[3]

IT IS SO ORDERED, this 22nd day of October, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[1] Doc. No. 43.

[2] *Id*.

[3] *Hayes v. Evans*, 70 F.3d 85, 86 (10th Cir. 1995) (habeas petitioner's § 2254 petition was rendered moot where state appellate court reversed the petitioner's conviction and granted the petitioner a new trial); *Johnson v. Smith*, 764 F.2d 114, 116 (2nd Cir. 1985) (habeas petitioner's § 2254 petition was rendered moot by the petitioner's retrial in state court, given that the original conviction was no longer the source of the petitioner's incarceration and the issues related to that earlier conviction had been rendered hypothetical by the retrial).